(No. 3025-)

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1965.*

GOSNELL AND BENECKI and JOHN W. PREIHS, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

On June 3, 1964, claimant filed her petition for reimbursement of monies expended for nursing care and help, medical services, and expenses for a period of time from February 1, 1963 to February 1, 1964.

Claimant was injured on February 2, 1963 in an accident arising out of and in the course of her employment as a Supervisor at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois. The injury was serious, causing temporary blindness, and general paralysis. The facts are fully detailed in the case of *Penwell* vs. *State of Illinois,* 11 C.C.R. 365, in which an initial award was made, and at which time jurisdiction was retained to make successive awards in the future.

The present petition alleges that there has been no improvement in the physical condition of claimant; that she is still bedridden; that complete paralysis of her lower abdomen and legs has continued; that she remains confined to bed; that her condition generally continues as it has been related to be in the petition; and, that she required constant care by physicians, registered and practical nurses, and other practical help during the period of time claimed above. Attached to the petition and made a part thereof by reference is an itemized statement or bill of particulars, marked Exhibit No. 1, showing all expenses incurred by claimant from February 1, 1963 to February 1, 1964 for said medical, nursing, and other expenses, and, in explanation thereof, affidavits have been filed in said cause by Walter W. Hutton, a Doctor of Osteopathy, practicing at Springfield, Missouri, and Hugh A. Townsley, a Doctor of Osteopathy, practicing at Dayton, Ohio.

An evidentiary deposition of Elva Jennings Penwell, claimant, was taken at the request of respondent. It was taken at Barnes Hospital in St. Louis, Missouri, and substantiates the claim of Elva Jennings Penwell with relation to her need for medical and nursing services. Testimony contained in the deposition indicates that claimant spends a great deal of time with her children in different locations throughout the country. Claimant testified, "Well, I go to

live with my children when I don't have any money. Just as of the last year I have been in Norfolk, Virginia. I have one daughter whose husband is in the Navy that is there. And then on up to Rhode Island, I was there last spring and last summer, and I returned to Dayton, Ohio, and I stayed there all winter until May when I came back to Beecher City."

The Workmen's Compensation Act provides that the necessary first aid, medical, and surgical services, and all necessary medical, surgical, and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury, shall be furnished to the injured person. The only limitation involved would be whether or not the services rendered were reasonably required to cure or relieve the claimant. Inasmuch as claimant's condition is incurable, we must assume that the care required will be necessary for her lifetime. Claimant submitted the affidavits of two professional men who state under oath that the services claimed for in claimant's petition are all necessary medically.

The Bill of Particulars attached to the petition discloses the amounts expended by the petitioner for the period of time claimed, from February 1, 1963 to February 1, 1964, to be as follows:

1. Nursing and practical help........................$1,123.10
2. Room and meals.................................. 638.75
3. Drugs and supplies .............................. 485.34
4. Physicians and professional services................ 1,286.46

 Total............................$3,533.65

Respondent, by the Attorney General, directed the Court's attention to Sec. 138.8, sub-paragraph (a), of Chap. 48, 1963 Ill. Rev. Stats., which provides that the necessary first-aid, medical, and surgical services, and all necessary medical, surgical, and hospital services thereafter, limited,

however, to that which is reasonably required to cure or relieve from the effects of the accidental injury shall be furnished to the injured person. It was the Attorney General's opinion that the only limitation on the amount of care to be furnished in the case at hand would be that which is reasonably required to cure or relieve claimant and further stated "that, since claimant's condition is incurable, then, of course, it follows that the care required will be necessary for her lifetime."

An examination of the petition and the supporting exhibits, as well as the testimony of claimant contained in the deposition, indicates that claimant's condition has not improved, and that the expenditures of the sums of money set forth above were reasonably required to relieve claimant from the effects of the original accidental injury, which was previously determined by this Court to be compensable in the case of *Penwell* vs. *State of Illinois,* 11 C.C.R. 365.

An award is, therefore, made to claimant in the amount of $3,533.65 for the period of time from February 1, 1963 to February 1, 1964.

This Court reserves jurisdiction for further determination of claimant's needs for additional care.